Dear Senator Wilson:
This opinion is in response to your question asking:
 Does a proposed constitutional amendment authorizing legislative changes in any public jurisdiction retirement plan require an actuarial evaluation to meet the requirements of HB 130 or is such actuarial statement required only on enabling legislation.
You also state that:
 A proposed house joint resolution submitting a constitutional amendment to the voters would authorize increases in benefits to retired employees in Greene County.
You enclose a copy of a proposed house joint resolution which would amend Art. VI, § 25, Mo. Constitution (1945), which relates to limitations on the use of credit or public funds by local governments and adds to the last sentence thereof the following:
 and except also, any county of the first class not having a charter form of government and not located adjacent to a county of the first class having a charter form of government and any city located within such county may provide for the payment of periodic cost of living increases in pension and retirement benefits paid under this section to law enforcement and fire personnel.
House Bill No. 130 to which you refer is C.C.S. No. 2 for H.B. No. 130, 80th General Assembly, with an emergency clause, presently effective.
Such bill is in implementation of Art. VII, § 14 (as amended in 1978), which we quoted and discussed generally in Op. Atty. Gen. No. 65, Tinnin, Feb. 6, 1979 (Mo.), copy enclosed.
In the interests of brevity, we will not quote from the pertinent portions of C.C.S. No. 2 for H.B. No. 130. However, we note that the phraseology "[a] substantial proposed change" as such term is defined in subsection (3) of § 1 of that bill refers to, among other things, a proposed change in future plan benefits. Section 2 of the bill refers to the legislative body or committee thereof which determines the amount and type of plan benefits to be paid. Section 3 thereof refers to the situation when the general assembly is the legislative body responsible for authorizing a substantial proposed change in plan benefits. Section 4 thereof concerns when a political subdivision or instrumentality of the state is the legislative body responsible for making a substantial proposed change in benefits.
The proposed amendment to the Constitution, which we have quoted above in pertinent part, does not have the effect of making a change in future plan benefits since it merely authorizes certain action by such political subdivisions as an exception to the general provisions of Art. VI, § 25, of the Constitution.
We are therefore of the view that such proposed constitutional amendment authorizing certain local legislative changes in certain public retirement plans does not come within the requirements of C.C.S. No. 2 for H.B. No. 130.
Further, we are of the view that since Art. VII, § 14, refers only to the legislative body which stipulates by law the amount and type of retirement benefits to be paid, such proposed constitutional amendment to Art. VI, § 25, of the Missouri Constitution does not come within the requirements of Art. VII, § 14, of the Missouri Constitution, as amended.
This office does not rule in this opinion any question except the precise question asked. That is, this office rules only on the question of whether an actuarial evaluation is required. We do not rule whether the proposed amendment would be applicable to persons retired before the effective date of the amendment, and we do not rule on any other question relating to the proposed amendment.
CONCLUSION
It is the opinion of this office that neither the provisions of Art. VII, § 14, Mo. Constitution (as amended in 1978), nor the provisions of C.C.S. No. 2 for H.B. No. 130 of the 80th General Assembly, both of which require actuarial evaluation of certain public retirement plan changes which increase benefits apply to a proposed, but not yet introduced, house joint resolution which would purport to amend Art. VI, § 25, of the Missouri Constitution to allow certain counties and municipalities to provide for the payment of periodic cost of living increases in pension and retirement benefits to law enforcement and fire personnel.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General